(No. 74-CC-0058

DOROTHY TODD, Administratrix of the Estate of RONALD STEGE TODD, Deceased, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Order filed September 7, 1978.*

HOLDERMAN, J.

This matter comes before the Court on a petition for rehearing filed by Respondent.

In the opinion of this Court, the doctrine of res ipsa loquitur was properly invoked by the Claimant in this case.

In the case of *Westchester Fire Insurance Company v. State of Illinois, 27 Ill. Ct. Cl. 327,* the Court held that "when a thing which has caused an injury is shown to be under the management of the party charged with negligence and the accident is such as in the ordinary course of things will not happen if those who have such management use proper care, the accident itself affords reasonable evidence, in the absence of an explanation by the parties charged, that it arose from want of due care."

In this case, the evidence is uncontradicted that the deceased was very unstable on his feet, that he needed help to get around, and he had access to liquor and, possibly, drugs. In addition, the fact that after his disappearance was noticed, only a token search was made for this individual, sustains the position of Claimant.

The original award in the amount of $58,750.00 to Dorothy Todd, wife and sole surviving next of kin of the deceased, is hereby affirmed.